State, Combs et al., pros., v. Blauvelt, Clerk, &c.

---

THE STATE, COMBS AND OTHERS, PROSECUTORS, v. CORNELIUS L. BLAUVELT, CLERK, &c., BERGEN COUNTY.

In a road case, an assessment of damages made in behalf of heirs or devisees by that designation alone, is neither in consonance with the statute, nor with former adjudged cases.

State, Combs et al., pros., v. Blauvelt, Clerk, &c.

In matter of public road.

Argued before Justices ELMER, BEDLE, and DALRIMPLE.

For prosecutor, *I. W. Scudder*.

For defendant, *M. M. Knapp*.

The opinion of the court was delivered by

DALRIMPLE, J.    The reason relied on for setting aside the return of the surveyors of the highways is, that the damages of the prosecutors, whose lands are taken, were assessed to them by the name and description of "the devisees of Solomon F. Vanderbeek, late of the township of New Barbadoes, in the county of Bergen, deceased," and not by their individual names.    It has been held by this court, that an assessment of damages to the land owners whose lands are taken for a public highway, should specify the names of the persons whose lands are so taken, and the amount of damages assessed to each.    *State* v. *Oliver et al.*, 4 *Zab.* 133 ; *State* v. *Fischer*, 2 *Dutcher* 129.    In the first named case, the assessment was to William Edgar and others ; and in the other, to Messrs. J. & J. W. Meeks.    Both were held bad.    The assessment before us is still worse.    It neither mentions the names of the individual owners, or any of them, the amount assessed to each, nor whether they are joint tenants, tenants in common, or in severalty.    An assessment to heirs or devisees by that designation alone, is neither in consonance with the statute, (*Nix. Dig.* 748) nor according to the doctrine of the cases referred to.

The return of the surveyors must, therefore, be set aside.

CITED in *State, Charlier, pros.*, v. *Woodruff*, 7 *Vr.* 205; *State, Swanton, pros.*, v. *Pierson*, 8 *Vr.* 368.